IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| ALPHA THIRTEEN, LLC,<br><br>        Plaintiff,<br><br>       v.<br><br>PROGRESSIVE CASUALTY INSURANCE COMPANY;<br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>        Defendants. | Case No. 25-cv-00364-DKW-WRP<br><br>**ORDER (1) GRANTING IN PART DEFENDANTS' MOTIONS TO DISMISS, (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND, AND (3) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO SEAL** |

Defendants, Progressive Casualty Insurance Company (Progressive) and State Farm Mutual Automobile Insurance Company (State Farm), in separate but similar ways, move to dismiss Plaintiff Alpha Thirteen, LLC's (Alpha) Complaint on various grounds, including lack of personal jurisdiction. Alpha opposes dismissal, arguing, *inter alia*, that there is "no question" personal jurisdiction exists. Upon review of the record, the Court agrees with Defendants that the allegations of the Complaint fall far short of establishing personal jurisdiction. Notably, there is *but one* allegation in the Complaint concerning Defendants' business or other contacts with this State—that Defendants conduct unspecified business here—which is as vague and unhelpful as it gets. Dismissal is thus appropriate.

However, because this deficiency may be correctable, dismissal is without prejudice to the filing of an amended complaint should Alpha so choose. Accordingly, for the reasons discussed further below, the motions to dismiss, Dkt. Nos. 28 & 31, are GRANTED IN PART. Finally, Alpha's motion to seal, Dkt. No. 35, is DENIED without prejudice for failure to comply with Local Rule 5.2.

## RELEVANT BACKGROUND

On August 25, 2025, Alpha initiated this action with the filing of the Complaint against Progressive and State Farm. Dkt. No. 1. The Complaint alleges as follows. Progressive is incorporated and maintains its principal place of business in Ohio. *Id*. at ¶ 2. It also "conducts business" in Hawaiʻi. *Id*. State Farm is an Illinois corporation with a principal place of business in Ohio. *Id*. at ¶ 3. It too "conducts business" in Hawaiʻi. *Id*.

In April 2023, AK was injured following a motor vehicle accident in Honolulu. *Id*. at ¶¶ 36-37. At the time of the accident, AK was a Medicare Advantage enrollee, with a health plan through United Healthcare. *Id*. at ¶ 38. AK received Medicare benefits for injuries arising from the motor vehicle accident, with MDX Hawaii, Inc. (MDX)—an entity allegedly with the "financial responsibility" for AK's medical claims as a result of a "risk delegation agreement" with United Healthcare—paying at least $38,183.78 for AK's medical services. *Id*. at ¶¶ 1, 39.

In July 2023, Defendants settled AK's automobile insurance claim for policy limits under their respective insurance policies. *Id*. at ¶ 40. Defendants have been "advised multiple times" of their alleged "responsib[ility] for reimbursing" "conditional" payments made by MDX. *Id*. at ¶ 41. Defendants have refused to reimburse MDX, and MDX has not received any reimbursement for "conditional" payments made on AK's behalf. *Id*. at ¶¶ 42-43. Defendants have also refused to reimburse Alpha, even though it is alleged that Alpha is the "assignee" of "all causes of action" possessed by MDX for reimbursement of monies it "conditionally paid" for AK's medical expenses. *Id*. at ¶¶ 1, 44.[1]

Three causes of action are raised in the Complaint. First, for declaratory judgment that Defendants, *inter alia*, have a "duty" to reimburse Alpha for payments MDX made for AK's accident-related medical expenses. Second, under 42 U.S.C. Section 1397y(b)(3)(A), for damages, including "double damages", due to Defendants failure to make "appropriate reimbursements" to MDX. Finally, under 42 U.S.C. Section 1395w-22(a), for the amount of "the items and services provided to treat" AK.

In October 2025, Progressive and State Farm filed the pending motions to dismiss. Dkt. Nos. 28-31. Therein, they raise largely the same or similar

---

[1] In that regard, attached to the Complaint as Exhibit 1 is a document titled "Assignment of Claims", appearing to be between MDX and Alpha and dated March 1, 2025. Dkt. No. 1-1. The document is also partially redacted. *See generally id*.

3

arguments for dismissal of all claims.   First, Progressive and State Farm argue that the Complaint fails under Federal Rule of Civil Procedure 12(b)(2) because it does not allege sufficient facts to support the exercise of personal jurisdiction.   Second, they argue that the Complaint fails under Rule 12(b)(1) because it does not sufficiently allege Alpha's standing to bring its claims.   Third, they argue that the Complaint fails under Rule 12(b)(6) because none of the three causes of action adequately state a claim.

On November 12, 2025, Alpha filed a consolidated opposition to the motions to dismiss.   Dkt. No. 36.   Alpha argues that personal jurisdiction exists, it has standing, and the Complaint sufficiently alleges a cause of action under federal law.   At the same time, Alpha also filed a motion to seal "Exhibit 1" to the Complaint.   Dkt. No. 35.   Other than a statement of "no position" filed by Progressive, Dkt. No. 41, no timely response has been filed to the motion to seal, *see* Local Rule 5.2 (allowing seven days to oppose a motion to seal).   On November 19, 2025, Progressive and State Farm filed replies in support of their respective motions to dismiss.   Dkt. Nos. 39-40.   With briefing complete, this Order now follows.

## RELEVANT LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 12(b)(2), a defendant may move for dismissal due to a lack of personal jurisdiction.   When a defendant does so, "the plaintiff bears the burden of establishing that jurisdiction is proper."   *Mavrix Photo,*

*Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). As in this case, when an evidentiary hearing is not held, while the plaintiff cannot rest on the allegations of the complaint, uncontroverted allegations may be taken as true. Further, although a court cannot take as true allegations that are contradicted by affidavit, factual disputes are to be resolved in the plaintiff's favor. *Id.*

Leave to amend a complaint should be given when "justice so requires." Fed.R.Civ.P. 15(a)(2). This is true even for deficiencies in personal jurisdiction. *See, e.g., Prime Healthcare Servs. v. Emblemhealth, Inc.*, 2016 WL 11771246, at *4 (C.D. Cal. Nov. 28, 2016) (collecting cases and granting the plaintiff "one opportunity" to amend the complaint). Justice does not require leave to amend, however, when (1) it would prejudice an opposing party, (2) it is sought in bad faith, (3) it would produce an undue delay in litigation, (4) it would be futile, or (5) there has been repeated failure to cure a deficiency. *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

## DISCUSSION

As mentioned, Progressive and State Farm move for dismissal on three grounds. Upon review of the briefing, record generally, and relevant case law, the Court finds that, at this juncture of the case, the best approach is to address just one of the purported deficiencies in the Complaint—specifically, a lack of alleged facts

supporting the exercise of personal jurisdiction—both because the deficiency is clear and because, until this Court is satisfied that jurisdiction is proper, consideration of the balance of Defendants' arguments is not only unnecessary but inappropriate. Because there is, at best, but one allegation relevant to Defendants' contact with this State and that allegation does not come close to supporting the exercise of personal jurisdiction, Defendants' motions to dismiss are GRANTED, as discussed further below.[2]

The U.S. Supreme Court has explained that personal jurisdiction encompasses two distinct concepts: (1) general personal jurisdiction; and (2) specific personal jurisdiction. *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty.*, 137 S.Ct. 1773, 1779-80 (2017).

The "paradigm" forums for the exercise of *general* personal jurisdiction over corporations, such as Progressive and State Farm, are their places of incorporation and principal places of business. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). The purpose of the inquiry is to ask whether a defendant is "'essentially at home in the forum State.'" *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) (quoting *Goodyear*, 564 U.S. at 919). Here, the Complaint alleges that State Farm's paradigm forums are in Ohio and Illinois, while Progressive's is solely in Ohio. Both Defendants, in other words, are not

---

[2] As a result, the Court does not substantively address Defendants' other arguments for dismissal. Should they wish, Defendants may re-assert those arguments in subsequent filings.

incorporated in Hawaiʻi and do not have their principal places of business here either. This may explain why, in opposing dismissal on this front, Alpha relies on a single sentence in a footnote, baldly asserting that general jurisdiction "likely exists" under a test set forth in a recent Supreme Court decision. Dkt. No. 36 at 9 n.3. Alpha, though, does not explain or apply the "test" that magically renders general jurisdiction "likely" here. The Court similarly, therefore, spends little more time on it other than to observe that, as the party with the burden of establishing jurisdiction, Alpha has not come close to doing so with respect to general personal jurisdiction.

In order to exercise *specific* personal jurisdiction over a defendant, the defendant "must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself" of the forum. *Freestream Aircraft (Bermuda) Ltd. v. Aero Law Group*, 905 F.3d 597, 603 (9th Cir. 2018). Additionally, "the claim must be one which arises out of or relates to the defendant's forum-related activities[.]" Finally, "the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable." *Id*.

Here, the *only* Hawaiʻi-related activity involving Progressive or State Farm alleged in the Complaint is the vague allegation that they both conduct or transact unidentified "business" in this State. Dkt. No. 1 at ¶¶ 2-3, 5. The claims, meanwhile, in some fashion, all concern Progressive and State Farm's alleged

failure to reimburse or otherwise pay Alpha and/or MDX for Medicare payments made on AK's behalf.  The obvious problem, however, is that there is no allegation in the Complaint connecting the two—specifically, no allegation that Progressive and State Farm's general business activity in this State "arises out of or relates to" their alleged failure to reimburse the specified Medicare payments.[3]

Alpha's protestations to the contrary all miss the mark, in no small part because they are divorced from the allegations of the Complaint.  For example, Alpha asserts that Progressive and State Farm are authorized to issue insurance in this State, they have issued "automobile insurance" policies in this State, MDX has "demanded" reimbursement, and MDX "resides[]" in this State.  Dkt. No. 36 at 10-11.  No such things are alleged in the Complaint, however.  In fact, in particular with respect to MDX, beyond its name, there is not one allegation concerning its contact with this State.  It is, thus, simply impossible to say at this juncture whether specific personal jurisdiction exists based upon the meager relevant allegations of the Complaint.  The Court, therefore, GRANTS the motions to dismiss for lack of personal jurisdiction and DISMISSES the Complaint on that ground.

---

[3]The closest the Complaint gets in that regard is to allege that Progressive and State Farm "settled" certain claims with AK and refused to reimburse both MDX and Alpha.  Among other potential shortcomings, however, there is no allegation that any of the foregoing activity occurred in, or was directed at, Hawaiʻi.  See Dkt. No. 1 at ¶¶ 40-44.

Nonetheless, in light of the record as a whole, the Court is unprepared at this juncture to say with sufficient certainty that amendment could not cure the above-stated deficiencies. The Court also, though, passes no judgment at this time on the parties' disputes about the relevance of any unalleged facts. Instead, the Court will allow Alpha one opportunity to try and correct the deficiencies with personal jurisdiction in the Complaint. Should it fail to do so, this case will be dismissed without further leave to amend due to a lack of personal jurisdiction.[4]

Finally, the motion to seal, Dkt. No. 35, is DENIED without prejudice for failure to comply with Local Rule 5.2. Specifically, Local Rule 5.2(c)(1) provides that, in filing a motion to seal, the movant <u>shall</u> "submit a copy of the proposed sealed filing…." As far as the Court can discern, an unredacted copy of the proposed sealed filing, *i.e.*, Exhibit 1 to the Complaint, has not been submitted to the Court.

## **CONCLUSION**

For the reasons discussed, the motions to dismiss, Dkt. No. 28 & 31, are GRANTED IN PART. The Complaint is DISMISSED with leave to amend to the extent set forth herein. Alpha may have until **December 19, 2025** to file an

---

[4] Based upon the Court's review, in opposing dismissal, Alpha does not appear to oppose the Defendants' arguments on Rule 12(b)(6) grounds that Claims One and Three are subject to dismissal for failure to state a claim. This is because Alpha does not address those arguments in <u>any</u> respect, *see* Dkt. No. 36 at 19-25, which could lead one to believe that Claims One and Three have been abandoned. If that is (or is not) the case, the Court anticipates the same will be clarified in any amended complaint Alpha may file.

amended complaint.   Failure to do so will result in the dismissal of this action for lack of personal jurisdiction.

    IT IS SO ORDERED.

    Dated: December 3, 2025 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge

---

*Alpha Thirteen, LLC vs. Progressive Casualty Insurance Company, et al;* Civil No. 25-00364 DKW-WRP; **ORDER (1) GRANTING IN PART DEFENDANTS' MOTIONS TO DISMISS, (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND, AND (3) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO SEAL**