IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| ALPHA THIRTEEN, LLC,<br><br>Plaintiff,<br><br>v.<br><br>PROGRESSIVE CASUALTY<br>INSURANCE COMPANY;<br>STATE FARM MUTUAL AUTOMOBILE<br>INSURANCE COMPANY,<br><br>Defendants. | Case No. 25-cv-00364-DKW-WRP<br><br><br>**ORDER GRANTING IN PART<br>DEFENDANTS' MOTIONS TO<br>DISMISS WITH LEAVE TO<br>AMEND** |

Defendants Progressive Casualty Insurance Company (Progressive) and State Farm Mutual Automobile Insurance Company (State Farm) both move to dismiss Plaintiff Alpha Thirteen, LLC's (Alpha) First Amended Complaint (FAC) on various grounds.   Dkt. Nos. 52-53.   One such ground, brought pursuant to Federal Rule of Civil Procedure 12(b)(1), is that the FAC fails to plausibly allege standing—more specifically, the FAC fails to identify a valid assignment of non-party MDX Hawaii's (MDX) right to recover for payment of medical bills to Alpha.   Alpha disagrees, arguing that, now that it has filed an unredacted version of the Assignment Agreement, "there is no question" MDX assigned the right to recover to Alpha.   Dkt. No. 64 at 18.

For the reasons set forth below, the Court finds that there is a serious question as to whether any right to recover that is relevant to this action was assigned from MDX to Alpha, and Defendants' Motions to Dismiss are granted on that basis.

When presented with an argument under Rule 12(b)(1), "the district court is ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).   Where the court considers evidence outside the pleadings for this purpose, "[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.*[1]   The burden of establishing subject matter jurisdiction falls on the plaintiff—here, Alpha.   *Ashoff v. City of Ukiah*, 130 F.3d 409, 410 (9th Cir. 1997).

The problem with Alpha's position regarding standing is that the Assignment Agreement does not provide the clarity Alpha appears to believe it does—at least not without further explanation.   Alpha asserts that, "in the Assignment, MDX Hawaii assigned to Plaintiff dozens of claims arising from medical services rendered to A.K. in Hawaii, including those stemming from the

---

[1]Contrary to Alpha's assertion, therefore, the Court need not accept as true the allegations in the FAC.   *See* Dkt. No. 64 at 18.

April 2023 accident." Dkt. No. 64 at 18. As support, Alpha cites, generally, ECF No. 59, which is the Assignment Agreement. However, the Assignment Agreement, including attachments, is 160 pages long. At the very least, therefore, Alpha should have provided a *precise* citation to the place within the 160-page document that supports its standing claim, instead of simply boldly saying that the document leaves "no question" that it does. Dkt. No. 64 at 18. The principal confusion is whether *any* of the claims listed in Schedule 1 of the Assignment Agreement concern A.K. As far as the Court can discern, A.K.'s name is never mentioned.[2] In addition, the only apparent connection between the assigned claims and *any* patient is the "[g]ender" and "ID", or identification number, of the patient. Those matters, which are identical for every claim, provide no clarity on whether the claims concern A.K., at least without further explanation. In particular, at no point has Alpha ever stated, or even alleged, that the "Patient ID" in Schedule 1 is the Patient ID for A.K. Without such basic information, it is impossible to know whether the claims listed in Schedule 1 concern A.K. or some other, unrelated female in Hawaiʻi.

---

[2] Progressive has apparently been no more successful in deciphering the Assignment Agreement. *See* Dkt. No. 65 at 11 ("Nothing in the [assignment] agreement or the FAC provides any basis to conclude that these claims concern A.K.").

As a result, Alpha has not met its burden of establishing standing and, thus, subject matter jurisdiction, for this case.   On this sole issue, the motions to dismiss, Dkt. Nos. 52-53, are GRANTED.   Because this issue has not been previously addressed by the Court, and because it may be cured by amendment, DISMISSAL is WITH LEAVE TO AMEND.   In filing a further amended complaint, Alpha must address only the deficiency set forth above with the clarity it claims already exists.   Failure to do so will result in dismissal of this action without prejudice and without further leave to amend.   *See Tijerino v. Stetson Desert Project, LLC*, 934 F.3d 968, 971 n.2 (9th Cir. 2019) ("in general, dismissal for lack of subject matter jurisdiction should be without prejudice.").   Alpha may have until **June 16, 2026** to file a second amended complaint.[3]

---

[3]Should Alpha file a second amended complaint, State Farm and Progressive may re-assert any defense or argument raised in the instant motions to dismiss, but not addressed herein.   In that regard, however, the Court notes the following.   On December 3, 2025, the Court dismissed the original Complaint for lack of personal jurisdiction over State Farm and Progressive.   Dkt. No. 47.   Upon review of the FAC and relevant case law, particularly the U.S. Supreme Court's recent guidance on the meaning of "relating to", *see Chevron USA Inc. v. Plaquemines Parish, La.*, 146 S.Ct. 1052, 1060-61 (2026), the Court likely has personal jurisdiction.   Notably, Alpha alleges that State Farm and Progressive both issued car insurance policies to residents of Hawai'i and settled claims with A.K.—a Hawai'i resident.   Dkt. No. 48 at ¶¶ 11(f), 12(e), 37-38, 40.   In turn, while the matter is lightly briefed, issuing insurance policies and settling claims are likely "related to" the causes of action Alpha brings in this case.   *See* 42 U.S.C. § 1395y(b)(2)(providing that a "primary plan", which includes an "automobile insurance policy", "shall reimburse" certain payments "if it is demonstrated that such primary plan has or had a responsibility to make payment with respect to such item", which can be shown by, *inter alia*, "a payment conditioned upon the recipient's compromise, waiver, or release…of payment").

IT IS SO ORDERED.

Dated: June 2, 2026 at Honolulu, Hawaiʻi.



/s/ Derrick K. Watson

Derrick K. Watson
Chief United States District Judge

_Alpha Thirteen, LLC v. Progressive Casualty Insurance Company_; Civil No. 25-00364 DKW-WRP**; ORDER GRANTING IN PART DEFENDANTS' MOTIONS TO DISMISS WITH LEAVE TO AMEND**

5